## McCLELLAND v. REMSEN.

### September, 1867.

Affirming 36 *Barb.* 62.; S. C., 14 *Abb. Pr.* 331.

Either member of a partnership may secure one of its creditors by a transfer of property; and this may be done by an assignment in the nature of a mortgage, executed in the firm name, under seal, with a trust to account for and repay the surplus, if any.

John McClelland sued George Remsen, sheriff of Kings, in the supreme court, for trespass in seizing plaintiff's goods.

The goods were a stock of liquors, &c., which, on and before June 2, 1860, belonged to William McClelland & Co., a firm consisting of one William McClelland and Elizabeth Hasluck (a married woman), engaged in selling wines and liquors, in the city of Brooklyn.

On June 2, 1860, the firm, being then indebted to the plaintiff in this action in the sum of three hundred and fifty-seven dollars, for goods sold them, William McClelland executed a general assignment of the assets of the firm to the plaintiff, upon the trust " to sell and convert into money, either at public or private sale, and to collect the debts and choses in action, pay all reasonable expenses and costs of executing the assignment, and with the residue, pay the debt due to the plaintiff of three hundred and fifty-seven dollars, with the interest; and then to pay whatever may remain of such money, if any, to the parties of the first part."

Both the partners were named in the instrument, as copartners and as assignors; but the execution of it was by William McClelland only, in the firm name, and under seal, and there was no evidence that Mrs. Hasluck knew of its being given.

Some days afterward, the plaintiff's demand remaining unpaid, he took possession of the assigned goods.

Mrs. Hasluck afterward confessed judgment to another creditor, who issued execution, and the defendant in this action levied it on the goods in plaintiff's possession.

*The supreme court,* on exceptions taken at the trial, and heard in the first instance at general term, held, that the instrument was a mortgage, as distinguished from a general assignment in trust, and, therefore, was not void as to creditors; and observing the same distinction, it was within the power of one partner to make it, without the concurrence of the other. They accordingly ordered judgment for plaintiff. Reported in 36 *Barb.* 622; S. C., 14 *Abb. Pr.* 331.

Defendant appealed.

*N. J. Waring,* for defendant, appellant.

*James Troy,* for plaintiff, respondent;—That the instrument in question was not " a transfer or assignment made in trust for the use of the persons making the same,"—cited, Beach *v.* Burdet, 1 *Paige,* 305, 309; Stevens *v.* Bell, 6 *Mass.* 339; Passmore *v.* Eldridge, 12 *Serg. & R.* 198; 4 *Mason,* 18. That it was not necessary that it should be executed by both partners. Egbert *v.* Wood, 3 *Paige,* 517; Havens *v.* Hussey, 3 *Paige,* 525; Graser *v.* Stellwaggon, 25 *N. Y.* 315.

BY THE COURT.—PORTER, J.—It was the right of either of the firm to secure the plaintiff, as one of its creditors, by a transfer of partnership property. Mabbett *v.* White, 12 *N. Y.* 315.

The assignment, in this instance, was in the nature of a mortgage. It did not divest the entire title, but left a residuary interest in the assignors, which could be reached by their other creditors. Its primary purpose was to secure payment of the debt, and the trust to account for the surplus was purely incidental. Such a trust is not within the condemnation of the statute, and such a reservation is not unlawful. Leitch *v.*

Hollister, 4 *N. Y.* 211; Curtis *v.* Leavitt, 15 *Id.* 9, 141; Dunham *v.* Whitehead, 21 *Id.* 131.*

The judgment of the supreme court should be affirmed.

All the judges concurred.

Judgment affirmed, with costs.

---

* A memorandum of opinion by GROVER, J., to the same effect, was also filed.